IgCANNELLA, Judge.
This ease comes before this court for reconsideration by order of the Louisiana Supreme Court, dated June 27, 1997, which provided:
Judgment of the court of appeal vacated and set aside. Case remanded to the court of appeal to consider, pursuant to La.Code Civ. P. Art. 927 B, whether plaintiffs’ suit for penalties under La. R.S. 22:1220 sets forth a cause of action in light of Theriot v. Midland Risk Ins. Co., 95-2895 (La. 5/20/97), 694 So.2d 184.
*1099 In Theriot, the Supreme Court held that a third party claimant, that is, one other than the insured, had a claim under La. R.S. 22:1220 against the insurer for penalties only if the insurer committed one of the five specific acts listed in that statute.
The instant case was before this court on the question of whether the plaintiffs were entitled to a jury trial of their penalty claim under La. I3R.S. 22:1220. Neither party has briefed or argued the question of whether plaintiffs’ claim states a cause of action. For that matter, neither party has probably considered the issue since Theriot was decided subsequent to consideration of this case by both the trial court and the court of appeal.
Therefore, although La. C.C.P. art 927 permits an appellate court to note an exception of no cause of action on its own motion, we deem it preferable in this case, where the parties have not heretofore had the opportunity to consider, argue or address the issue, to remand the case to district court for a full hearing, if necessary.
Accordingly, the trial court judgment of July 23, 1996 is vacated and the case is remanded to the trial court for consideration of whether plaintiffs’ claim for penalties under La. R.S. 22:1220 states a cause of action in light of Theriot v. Midland Risk Ins. Co., supra.
VACATED AND REMANDED.